**JI HAU CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–41035.**

United States Court of Appeals, Second Circuit.

Nov. 8, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Norman Kwai Wing Qong, New York, NY, for Petitioner.

Toi Denise Houston, Assistant United States Attorney, Timothy G. Hays, Law Clerk, Hammond, IN, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ji Hau Chen, a native and citizen of China, seeks review of a November 7, 2003 order of the BIA affirming the August 1, 2002 decision of Immigration Judge ("IJ") John Opaciuch denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ji Hau Chen*, No. A 76 506 269 (BIA Nov. 7, 2003), *aff'g* No. A 76 506 269 (Immig. Ct. N.Y. City Aug. 1, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ The IJ determined that Chen's two-day detention did not amount to persecution. Chen argues that he suffered past persecution because he was arrested, detained, and abused by the public security office. He claims that the detention and physical abuse he endured were significant and beyond mere harassment. However, at no point in his written statement or in his testimony did Chen testify about being physically abused at the hands of the public security bureau. Chen testified only that he was interrogated at the public security bureau and released after paying a 3,000 RMB fine. As a result, Chen failed to demonstrate that he was mistreated or mishandled in such a manner as to establish persecution. *See Kambolli v. Gonzales*, 449 F.3d 454, 457 (2d Cir.2006) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.") (citation omitted).

■ Applicants for asylum can also succeed on their claims by showing that they

have a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42). To establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

In his decision, the IJ determined that Chen's fear may be subjectively reasonable, but that it is not objectively reasonable in light of his testimony and current country conditions. Chen argues that the intrusion of the police during a private religious ceremony was clearly a persecutory act. Chen also claims that the regulations put in place by the Chinese government were not neutral and the IJ failed to recognize that the reasons for the Chinese government's restrictions on certain religious activities result from the classical communist monopoly and its abuse of religious freedom. However, Chen is free to practice Taoism in China. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003) (petitioner failed to show a well-founded objective fear of persecution where she was not prevented from practicing her religion). Moreover, the law that prohibits Chen from practicing in private homes is not persecutory. *See Luan Chen v. Ashcroft,* 381 F.3d 221, 231–32 (3rd Cir.2004) ("[A] law or practice does not necessarily rise to the level of 'persecution' simply because it does not satisfy American constitutional standards or diverges from the pattern followed by other countries."). In sum, the IJ's determination that Chen does not have a well-founded fear of future persecution is supported by substantial evidence in the record.

■■■■ Because Chen was unable to show the objective likelihood of persecution needed to make an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim

for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). The IJ determined that the threats faced by Chen did not make him more likely than not to be tortured. The agency's finding as to the risk of harm is supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).